IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01496-PAB

TERRY D. HAMILTON, and
CHEM-AWAY, INC., a Colorado corporation,

    Plaintiffs,

v.

CHEYENNE WY DEVELOPMENT CORPORATION, a Wyoming corporation,
B&B VENTURES, LLC, a Colorado limited liability company,
BERNARD C. MAYNES, and
EUGENE H. BARKER,

    Defendants.

## ORDER OF REMAND

The Court takes up this matter *sua sponte* on the notice of removal [Docket No. 1] filed by Sharon Hamilton and Chem-Away, Inc. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the

matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem given that, if jurisdiction is lacking, the case must be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

The notice of removal claims that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 at 2, ¶ 3. To the extent the removing parties rely upon 28 U.S.C. § 1332 to establish jurisdiction, the notice is deficient. The notice of removal states that "plaintiffs are citizens of the State of Colorado" and "Defendant is a citizen of the State of California." Docket No. 1 at 3, ¶ 4. The "defendant" referenced on page 3 of the notice of removal appears to be the plaintiffs "Terry D. Hamilton" and "Chem-Away, Inc." (hereafter "plaintiffs"). Although the notice of removal states that it is filed by Sharon Hamilton and Chem-Away, Inc., there is no explanation of who Sharon Hamilton is. She is not named in the copy of the state court Petition for Declaratory Judgment attached as Exhibit A to the notice of removal. *See* Docket No. 1 at 2 ("[D]efendants, SHARON HAMILTON and CHEM-AWAY, INC. hereby remove to this Court the state court action described below."). The plaintiffs in the state court action are Terry Hamilton and Chem-Away, Inc., *see* Docket No. 1 at 4, who are also apparently now counterclaim defendants. *See* Docket No. 1 at 1. The state court plaintiffs, even though they may now be counterclaim or cross-claim defendants, are not permitted to remove the case to federal

2

court under 28 U.S.C. § 1446(a). *See* 14C Wright, Miller, et al., *Federal Practice and Procedure* § 3730 (2010) ("[P]laintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them."). Furthermore, it appears that plaintiffs have failed to comply with the requirement that "a copy of all process, pleadings, and orders served upon such defendant or defendants" be filed along with the notice of removal. 28 U.S.C. § 1446(a). Finally, the Court notes that the underlying state court complaint was filed over a year ago, on June 18, 2009. *See* Docket No. 1 at 11.

The state court complaint, which is included with the notice, identifies "Terry D. Hamilton" as a "resident" of California. *See* Docket No. 1 at 5, ¶ 1. A natural person, however, is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). The notice of removal also alleges that Chem-Away, Inc. is a "Colorado Corporation with its principal place of business in Larimer County, Colorado." Docket No. 1 at 5, ¶ 1. On the other side of the dispute, there are parties identified as citizens of Colorado. *See, e.g.*, Docket No. 1 at 5, ¶ 4. Consequently, section 1332(a)'s requirement that the parties be "citizens of different states" has not been satisfied.

Plaintiffs have also invoked 28 U.S.C. § 1441(b). Section 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . ." 28 U.S.C. § 1441(b). The notice contains a reference to the Financial Institutions Reform,

Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101-73, 103 Stat. 183 (1989), in the following context: "This action is a civil action . . . which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 . . . because a cause of action under FIRREA has arisen in this action with the that [sic] past 12 months in the state action." Docket No. 1 at 2, ¶ 3. The Court is unable to decipher whether this is a re-invocation of diversity jurisdiction or is an attempt to base removal on the provisions of FIRREA. "Congress enacted [12 U.S.C.] § 1819(b)(2) as part of . . . [FIRREA]," pursuant to which the Federal Deposit Insurance Corporation is empowered to remove actions to which it is a party. *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 241-42 (5th Cir. 2009); *cf.* 103 Stat. at 389-90. The notice of removal does not indicate, and the attached state court complaint does not reveal, how FIRREA is implicated in this case. Thus, FIRREA provides no basis for removal of this case.

The state court plaintiffs, in attempting to remove this action, have not demonstrated that this Court has subject matter jurisdiction over this case. Therefore, it is

**ORDERED** that this case is REMANDED to the District Court, Weld County, Colorado, where it was originally filed as Case No. 2009 CV 625.

4

DATED June 30, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge